# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**LESLIE MONTGOMERY**  **PETITIONER**
*ADC #086768*

**V.**     **CASE NO. 4:20-cv-00871-BRW-JTK**

**DEXTER PAYNE**
*Director, ADC*     **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before

the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    Background

Petitioner Leslie Montgomery is an inmate at ADC Tucker Unit. On August 5, 2019, he pled guilty to first-degree murder. *See Doc.* 13-4 at 3-6. He received a 30-year sentence to run concurrent with a 30-year sentence he was serving for a different conviction. *See Doc.* 13-5. He waived his right to a direct appeal in his plea agreement. *See Doc.* 13-3 at 1. He then submitted a motion for a continuance to file for state postconviction relief, *see Doc.* 13-6 at 1-2, and a motion to file an amended petition under A.C.A. § 16-90-111 alleging he was illegally sentenced as a habitual offender. *See Doc.* 13-7. The circuit judge denied his request for a continuance since he did not have any pending hearings and found his pleadings lacked merit since he was not sentenced as a habitual offender. *See Doc.* 13-8 at 1. On July 29, 2020, Montgomery filed this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus contending: 1) his plea was involuntarily made, 2) the State failed to uphold its end of the negotiated plea agreement, 3) his lawyer was ineffective for not ensuring that his plea agreement was followed, and 4) his lawyer was ineffective for failing to help him prepare a justification defense to his murder charge. *See Doc.* 2 at 5-9.

**II.     Grounds for Habeas Relief**

Under 28 U.S.C. § 2254, a federal habeas petition can be granted if a petitioner is "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his or her federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). Respondent Payne argues that Montgomery's claims are procedurally defaulted since he did not raise them in state post-conviction relief. *See Doc.* 13 at 8-20. Alternatively, he argues Montgomery's claims are meritless. *See id*. "Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) (citation omitted). Since the Court finds the merits of this case are easily resolvable against Montgomery, it need not address the issue of procedural default.

    a.  **Plea Agreement Claims**

In ground one, Montgomery claims his plea was involuntary and not intelligently made. He states, "Petitioner's negotiated guilty plea rested solely on counsel's and the state's promise that the 30 years sentence would be ran concurrent to his existing 30 yrs sentence and his parole, flat date, and existing sentence will not change or be affected." *Doc.* 2 at 5. He claims he was then served with a sentencing order "requiring him to serve 100% of 30 yrs in violation of signed

3

agreement." *Id.* In ground two, Montgomery claims the State and his lawyer failed to uphold their end of the negotiated plea agreement. *See id.* at 6. In ground three, he says his lawyer was ineffective for failing to see "the negotiated plea agreement into execution." *Id.* at 8. These three grounds all amount to the same claim: that he did not receive the sentence or parole eligibility he was promised.

A guilty plea "must be [a] voluntary . . . knowing, [and] intelligent act done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). To demonstrate that a plea was not knowing and voluntary, a habeas petitioner "must show that he did not make a voluntary and intelligent choice among the alternative courses of action." *Winslow v. Smith*, 696 F.3d 716, 736-37 (8th Cir. 2012).

Montgomery's claims fail because he did indeed receive the sentence and parole eligibility he was promised. First, he checked yes to and initialed the following in his plea agreement:

> If your negotiated plea involves a sentence of imprisonment, do you state that no one has made you any promises regarding parole eligibility, earning of meritorious good time, early release, or anything of that nature in order to get you to enter this plea?

*Doc.* 13-3 at 2.

Then, during his plea hearing, Montgomery ultimately agreed he was ineligible for parole:

| | |
|---|---|
| MS. BJORNSON [the State]: | And, Your Honor, just for the record, this defendant has previous convictions of Aggravated Robbery and Kidnapping. So, it is the understanding of both parties that he is not eligible for parole. |
| THE COURT: | Noted. Mr. Montgomery, is that what you agreed to? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has anyone promised you any early release or good time credit? |

4

|                  |                                                                                                                                                                                                                                                                               |
|------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| THE DEFENDANT:   | No, sir.                                                                                                                                                                                                                                                                      |
| THE COURT:       | In case 2018-3914, it will be the judgment and sentence of the Court, upon acceptance of your plea of guilty, that you serve 30 years in the Arkansas Department of Corrections. You will receive 339 days jail credit. You are committed concurrently on your court costs. Thank you |
| THE DEFENDANT:   | Thank you. Yes, sir.                                                                                                                                                                                                                                                          |

*Doc.* 13-4 at 5-6.

The plea hearing transcript and negotiated plea agreement make it clear that Montgomery got exactly what he bargained for—his plea was "a voluntary and intelligent choice among the alternative courses of action." *Winslow,* 696 F.3d at 736-37. Therefore, his claims in grounds one, two, and three that he did not receive the sentence or parole eligibility he was promised are plainly without merit.

### b. Failure to Prepare Defense Claim

In ground four, Montgomery claims his lawyer was ineffective for failing to prepare a defense that Montgomery was under duress when he killed the victim. *See Doc.* 2 at 9. He states:

> he was the victim of an unprovoked attack by 'victim' armed with a deadly weapon. As petitioner got in his car alleged victim dove into petitioner's car with intent to inflict deadly force upon him, thus forcing him to use force to protect himself. Instead, counsel prejudiced by petitioner being on parole, prejudiced him by refusing to assist with defense, and seeking to negotiate a plea.

*Id.*

In order to prevail on an ineffective assistance of counsel claim, Montgomery must show his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment." *Id.* at 690. To overcome this presumption, he must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S at 689).

Montgomery's ineffective assistance claims run up against two significant barriers: his stated satisfaction with his lawyer's advice and the fact that he pled guilty. Montgomery checked yes to and initialed the following questions in his plea agreement:

> Do you fully understand what you are charged with having done?
>
> Have you discussed your case fully with your attorney and are you satisfied with his or her service?
> …
> Do you believe that if [this] case went to trial, the State could meet its burden of proving your guilt beyond a reasonable doubt?

*Doc.* 13-3 at 1-2.

He then reiterated his satisfaction with his lawyer's advice and pled guilty to the first-degree murder charge in open court:

| | |
|---|---|
| THE COURT: | Mr. Montgomery, you are charged with Murder, a Class Y Felony. You could receive from ten to 40 years or life. Do you understand what you are charged with? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And the possible punishment? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You have discussed this with your attorneys? |
| THE DEFENDANT: | Yes, sir. |

6

| | |
|---|---|
| THE COURT: | Are you satisfied with their advice? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You understand that when you enter a plea of guilty, you won't get a trial? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | And you won't get to appeal? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Has anyone forced you, or threatened you, or promised you anything to make you plead guilty? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | Are you under the influence of any drugs or alcohol? |
| THE DEFENDANT: | No, sir. |
| THE COURT: | State, give me a basis, please. |
| MS. BJORNSON: | On or about August the 31st of 2018, this defendant did stab Andre Rogers six times with the purpose of causing his death. |
| THE COURT: | Mr. Montgomery, is what she said true? |
| THE DEFENDANT: | Yes, it is. |
| THE COURT: | Are you pleading guilty because you are guilty? |
| THE DEFENDANT: | Yes, sir. |

*Doc.* 13-4 at 3-5.

Montgomery now claims his lawyer refused to assist him in preparing a defense, but a defendant's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge*

7

*v. Allison*, 431 U.S. 63, 74 (1977). Montgomery's admission of his guilt contradicts his assertion that he was acting in self-defense, and his statements of satisfaction with his lawyer's advice contradict his assertion that his lawyer had refused to assist him in developing his defense. Likewise, Montgomery fails to present any facts regarding decisions his lawyer made, specific leads his lawyer failed to investigate, or the viability of his self-defense claim in general that would demonstrate counsel's presumptively competent representation in advising him to plead guilty was constitutionally deficient. *See Strickland*, 466 U.S. at 690. His own admissions and lack of support for his ground four claim fail to overcome the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Burt*, 571 U.S. at 23. Montgomery's ineffective assistance claim regarding his lawyer's failure to prepare a justification defense is meritless.

### III. Certificate of Appealability

Under Rule 11 of the Rules Governing § 2254 Cases, the Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Petitioner has not made a substantial showing of a denial of a constitutional right, so no certificate should issue.

### IV. Conclusion

IT IS THEREFORE RECOMMENDED that:

1) Petitioner Leslie Montgomery's Petition for Writ of Habeas Corpus (*Doc.* 2) be DENIED and this case be DISMISSED WITH PREJUDICE.

2) A Certificate of Appealability be DENIED. *See* 28 U.S.C. § 2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District Courts.

SO RECOMMENDED this 21st day of June, 2021.

```
_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE
```